# United States Court of Appeals for the Fifth Circuit

---

No. 24-50228
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Leija Alvarez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-433-1

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Juan Leija Alvarez appeals his conviction for possession of a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). He contends that (1) § 922(g)(1) is facially unconstitutional, in violation of the Second Amendment, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and (2) § 922(g)(1) exceeds Congress's power to regulate

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50228

under the Commerce Clause. The Government moves for summary affirmance, contending that both of Alvarez's contentions are foreclosed by circuit precedent, or, in the alternative, for an extension of time to file a merits brief. While Alvarez takes no position on the motion, he concedes that his arguments are foreclosed, and he raises them only to preserve them for future review.

Alvarez's Second Amendment and Commerce Clause challenges to § 922(g)(1) are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert filed* (U.S. Feb. 18, 2025) (No. 24-6625) (holding that § 922(g)(1) is facially constitutional); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (holding that § 922(g)(1) does not violate the Commerce Clause). As a result, "there can be no substantial question as to the outcome of the case," and summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The motion for summary affirmance is accordingly GRANTED, the alternative motion for an extension of time is DENIED, and the judgment is AFFIRMED.